# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

FILED

NOV - 5 2018

Clerk, U.S. District and
Bankruptcy Courts

MARTIN MORENO RUIZ,　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　)　　　Civil Action No.  18-2323 (UNA)
　　　　　　　　　　　　　　　　)
EL PASO PROCESSING CENTER, *et al.*,　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　)

## MEMORANDUM OPINION

This matter comes before the Court upon review of plaintiff's application for leave to proceed *in forma pauperis* and his *pro se* complaint.[1]

According to the plaintiff, the United States Court of Appeals for the Fifth Circuit "erred in ruling in bad faith," Compl. at 3, when it denied him *in forma pauperis* status and dismissed his appeal as frivolous, *see id.*, Ex. (Order, *Ruiz v. El Paso Processing Center*, No. 07-51268 (5th Cir. Nov. 12, 2008) (per curiam)).  Even if the Fifth Circuit "failed to consider[] several issues

---

[1] If the plaintiff were serving a prison sentence at this time, he would be subject to the Prison Litigation Reform Act ("PLRA"), and his application to proceed *in forma pauperis* likely would be denied under 28 U.S.C. § 1915(g) because he has accumulated three "strikes."  *See Ruiz v. Fed. Gov't of Mexican Republic*, 286 F. App'x 843 (5th Cir. 2008) (per curiam) (denying *in forma pauperis* status and dismissing appeal as frivolous); *Ruiz v. El Paso Processing Ctr.*, No. EP-07-CA-204, 2007 WL 2815577, at *3 (W.D. Tex. Sept. 18, 2007) (dismissing complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)), *appeal dismissed as frivolous*, 299 F. App'x 369, 371 (5th Cir. 2008) (per curiam).  It appears that the plaintiff is detained pending his removal to Mexico, *see* Compl. at 2, and the PLRA does not apply to immigration detainees, *see Ziglar v. Abbasi*, 137 S. Ct. 1843, 1878 (2017); *LaFontant v. INS*, 135 F.3d 158, 165 (D.C. Cir. 1998).

raised in his original complaint," Compl. at 3, this Court is without jurisdiction to review the decision of any other federal court. *See United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). For this reason, the Court must dismiss the complaint. An Order is issued separately.

United States District Judge

DATE: October **23**, 2018